| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | Ryan C. Bykerk (SBN CA 274534)<br>Joseph M. Dietrich (SBN CA 328296)<br>GREENBERG TRAURIG, LLP<br>18565 Jamboree Road, Suite 500<br>Irvine, California 92612<br>Telephone: 949.732.6500<br>Facsimile: 949.732.6501<br>bykerkr@gtlaw.com<br>Joe.Dietrich@gtlaw.com |

Attorneys for Defendant
AMAZON.COM SERVICES LLC, erroneously sued as AMAZON SERVICES LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBORAH RIVERA, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>AMAZON SERVICES LLC, a limited liability company; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 2:25-cv-7957<br><br>[Removed from Los Angeles Superior Court Case No.: 25STCV21318]<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441 and 1446]**<br><br>*[Filed concurrently with Declaration of Joseph M. Dietrich, FRCP Corporate Disclosure Statement, Civil Case Cover Sheet]*<br><br><br>State Action Filed: July 18, 2025<br>Removal Filed:  August 22, 2025 |

**TO THE UNITED STATES DISTRICT COURT OF CALIFORNIA AND TO PLAINTIFF DEBORAH RIVERA, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Amazon.com Services LLC[1] ("Amazon") files this Notice of Removal (the "Notice") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to effect the removal of the above-captioned action, which was commenced by Plaintiff Deborah Rivera ("Plaintiff") in the Superior Court of the State of California for the County of Los Angeles. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332 because Plaintiff and Amazon are citizens of different states, and the amount in controversy as to Plaintiff's claims exceeds $75,000, exclusive of interest and costs.

## I.     BACKGROUND

On July 18, 2025, Plaintiff Deborah Rivera filed her Complaint in the Superior Court of the State of California for the County of Los Angeles, entitled *Deborah Rivera v. Amazon Services, LLC*, et al., Case No. 25STCV21318 ("Complaint"). (Declaration of Joseph M. Dietrich ("Dietrich Decl." ¶ 2, Ex. A at 1 ("Compl.").) The Complaint also names Does 1 through 50 as Defendants.[2] (*Id.*)

The Complaint asserts six causes of action: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Accommodate in Violation of FEHA; (3) Failure to Engage in Interactive Process in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; and (6) Wrongful Termination. (*Id.* ¶¶ 43-108.)

---

[1] Amazon.com Services LLC was erroneously sued as "AMAZON SERVICES LLC."

[2] The identities of these "Doe" defendants are unknown to Amazon. Regardless, their citizenships are irrelevant for removal purposes. 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

Plaintiff purported to serve the Complaint on Defendant Amazon on July 23, 2025. (*See* Dietrich Decl., Ex. A.) Therefore, this Notice of Removal is timely because it has been filed within thirty (30) days of purported service of this Complaint on the later-served defendant and within one year after the commencement of this action. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C).

Amazon reserves its right to assert all defenses provided under Federal Rule of Civil Procedure 12(b) or under applicable state and federal law.

## II.     NATURE OF THIS REMOVAL PLEADING

Amazon hereby submits "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Quackenbush v. Allstate Ins.*, 517 U.S. 706, 716 (1996) (acknowledging that federal courts "have a strict duty to exercise the jurisdiction that is conferred upon them by Congress"). As the Ninth Circuit explained, when a notice of removal "plausibly alleges a basis for federal court jurisdiction," remand to the state court is improper "without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) (rejecting *sua sponte* remand).

## III.     REMOVAL IS PROPER UNDER 28 U.S.C. § 1332

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. First, there is complete diversity of citizenship because the Complaint alleges that Plaintiff is a citizen of California, and Defendant Amazon is a citizen of Delaware and Washington, but not California. Second, the amount in controversy as to Plaintiff's claims exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a)(1).

**A.     Diversity of Citizenship**

    **1.     Plaintiff's Citizenship**

For removal purposes, a person is a "citizen" of the state in which she is domiciled. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A party's residence is *prima facie* evidence of her domicile. *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 885-86 (9th Cir. 2013); *Portillo v. Ford Motor Co.*, No. 2:22-cv-05356-MCS-JDE, 2022 WL 16550308 (C.D. Cal. Oct. 31, 2022).

Plaintiff alleges that she is and was at all times a resident of the State of California. (Compl. ¶ 1.) For removal purposes, Plaintiff's assertion is sufficient to establish that she resides in, and is a citizen of, the State of California. *See Mondragon*, 736 F.3d at 885 ("a party with the burden of proving citizenship may rely on the presumption of continuing domicile [and] once established, a person's state of domicile continues unless rebutted with sufficient evidence of change").

    **2.     Named Defendant's Citizenship**

For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Defendant Amazon is not a citizen of California. Amazon's corporate headquarters and principal place of business have been in Seattle, Washington, and Amazon is now and has been organized under the laws of the State of Delaware. (Dietrich Decl., ¶ 3, Ex. B (California Secretary of State Statement of Information for Amazon.com Services LLC listing principal office in Seattle, Washington and organized under Delaware law).) Amazon's only member is Amazon.com Sales, Inc., which is a Delaware corporation with its corporate headquarters and principal place of business in Washington. (*Id.* ¶ 5, Ex. C (California Secretary of State Statement of Information for Amazon.com Sales, Inc. listing principal office in Seattle, Washington and incorporated in Delaware).) Thus, Amazon.com

Services LLC is and has been a citizen of Washington and Delaware, but not California. *See Ghaderi v. Amazon.com Servs. LLC*, 2024 WL 4979139, at *2 (C.D. Cal. Nov. 15, 2024) (denying motion to remand after finding that Amazon.com Services LLC is a citizen of Washington and Delaware).

### 3.   Doe Defendants Are Irrelevant for Purposes of Removal.

The Complaint also names as defendants "Does 1 through 100." The citizenship of fictitious "Doe" defendants, however, is disregarded for removal purposes. 28 U.S.C. § 1441(a); *Newcombe*, 157 F.3d at 690–91. Accordingly, complete diversity of citizenship between the parties exists for purposes of removal. 28 U.S.C. § 1332(c)(1).

### B.   The Amount in Controversy Exceeds $75,000.

Although the Complaint does not specify the amount of damages sought, and without conceding that Plaintiff is entitled damages or could recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). For diversity jurisdiction, a defendant need only show by "a preponderance of the evidence" that the amount in controversy exceeds $75,000. *See Graybill v. Khudaverdian*, 2015 WL 7295378, at *3 (C.D. Cal. Nov. 17, 2015).

When calculating the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012); *Brown v. W. First Aid & Safety*, 2024 WL 5159403, at *7 (C.D. Cal. Dec. 9, 2024) (same). "The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees, and punitive damages." *Nevarez v. FedEx Supply Chain Inc.*, 2024 WL 734227, at *2 (C.D. Cal. Feb. 21, 2024).

Here, Plaintiff's claims meet the requisite amount in controversy because Plaintiff seeks, among other things, payment of all statutory obligations and penalties, general and compensatory damages, emotional distress damages, punitive damages, recovery of lost earnings and benefits, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. (*See* Compl., Prayer for Relief.) Each of these categories must be

included when calculating the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (when the complaint alleges the loss of future wages, courts include lost wages through trial in the amount in controversy); *Arauz v. MAC Cosmetics, Inc.*, 2023 WL 3293336, at *2–4 (E.D. Cal. May 5, 2023) (amount-in-controversy requirement satisfied in harassment and retaliation case seeking general, compensatory, and punitive damages, attorneys' fees and costs, and loss of earnings); *Dillard v. Victoria M. Morton Enters., Inc.*, 2011 WL 476431, at *6 (E.D. Cal. Feb. 4, 2011) (explaining that general damages consist of damages for emotional distress, pain, and suffering).

Additionally, Plaintiff alleges both past and future general damages, seeking to recover "lost wages." (*See* Compl., Prayer for Relief.) As a result, all allegedly lost wages "up to the date of trial" may be included in the amount in controversy. *Barajas v. Wells Fargo Bank*, 2022 WL 819928, at *4 (C.D. Cal. Mar. 18, 2022).

    **1.**    **Economic Damages**

Amazon employed Plaintiff from on or about November 6, 2021 until on or about April 29, 2024. At the time of termination, Plaintiff earned an hourly wage of $19.95. From April 30, 2024 (the date following termination) until July 18, 2025 (the date Plaintiff filed the Complaint), there are 300 business days, excluding weekends and holidays. When Plaintiff was hired as a permanent Amazon employee, she was expected to work 20 to 29 hours per week. Assuming an average of five hours worked per day (25 hours per week) and no overtime, this equates to **$29,925.00** ((5 hours x $19.95) x 300 days) in unpaid wages through the date of filing the Complaint.

In addition, Amazon conservatively assumes for purposes of removal that Plaintiff's allegations place "in controversy" damages will continue to accrue for another year into the future through the date of trial. *See, e.g.*, *Barajas*, 2022 WL 819928, at *4 (explaining that one year from the date of removal "is a 'conservative estimate of the trial date' in employment cases"). Starting from July 19, 2025 (the day after Plaintiff initiated this action) and continuing to August 22, 2026 (one year following the date of removal), there

are 271 business days. Again, assuming five-hour workdays and no accrued overtime, this places an additional **$27,032.25** ((5 hours x $19.95) x 300 days) in controversy. Thus, accepting Plaintiff's allegations as true, economic damages alone amount to **$56,957.25**.

### 2. Non-Economic Damages

Plaintiff seeks to recover compensatory damages, including general damages for "emotional distress." (Compl. ¶ 53, 64, 76, 86, 97, and 106.) A plaintiff may recover emotional distress damages in a discrimination action under FEHA. *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). "Emotional distress damages may be considered in determining the amount in controversy." *Owuor v. Wal-Mart Assocs., Inc.*, 2022 WL 1658738, at *3 (E.D. Cal. May 25, 2022). Although Plaintiff's emotional distress allegations are vague, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude [the] Court from noting that these damages are potentially substantial." *Tijerina v. Alaska Airlines, Inc.*, 2022 WL 3135913, at *8 (S.D. Cal. Aug. 5, 2022); *see also Rodriguez v. Home Depot, U.S.A., Inc.*, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (denying motion to remand after noting that "emotional distress damages in cases involving retaliatory termination may be substantial").

In determining the amount in controversy when a plaintiff's emotional distress allegations are vague, "the removing party may introduce evidence of jury verdicts in analogous cases." *Zamudio v. Aerotek, Inc.*, 2022 WL 458059, at *4 (E.D. Cal. Feb. 15, 2022) (citing *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *4 (E.D. Cal. July 11, 2008)). In cases alleging disability discrimination, juries in California have awarded general damages well over $75,000. *See Vargas v. Kaiser Found. Health Plan, Inc.*, 2021 WL 9567178 (Cal. Super. Sept. 13, 2021) (awarding $200,000 in past non-economic losses in discrimination suit); *Liggins v. Archdiocese of L.A.*, 2018 WL 6594241 (Cal. Super. Nov. 21, 2018) (awarding $3.3 million in past noneconomic damages in discrimination and wrongful termination suit); *Lopez v. Bimbo Bakeries USA, Inc.*, 2007 WL 6365727 (Cal. Super. June 21, 2007) (awarding $122,000 in emotional distress damages in discrimination and wrongful termination suit); *Ochoa v. Costco Wholesale Corp.*, 2023 WL 2861906 at

*4 (collecting similar disability cases with emotional distress damages exceeding $75,000).

Here, Plaintiff's emotional distress damages alone place an amount in controversy in excess of $75,000. *Simpson v. Off. Depot, Inc.*, 2010 WL 11597950, at *3 (C.D. Cal. June 21, 2010) (denying motion to remand in FEHA action and explaining "[e]motional distress awards in California for wrongful termination in violation of public policy and discrimination under [FEHA] . . . can be large relative to the underlying economic damages"). Assuming a 2:1 ratio of emotional distress damages to economic damages, the amount in controversy attributable to general damages is at least **$113,914.50** ($56,957.25 in lost wages x 2). *See id.* (collecting California cases in which emotional distress verdicts exceeded 200% of economic damages).

**3.     Attorneys' Fees**

A prevailing plaintiff in a FEHA action is entitled to recovery of attorneys' fees by statute. Cal. Gov't Code § 12965(c)(6). In the Ninth Circuit, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Zamudio*, 2022 WL 458059, at *5 (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (internal quotation marks omitted)). Moreover, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

As District Courts have opined, "attorney's fees associated with litigating [an employment case] through trial, in addition to those already spent drafting the complaint, would likely be substantial." *Thompson v. Big Lots Stores, Inc.*, 2017 WL 590261, at *4 (E.D. Cal. Feb. 13, 2017). Estimates for number of hours expended through trial in employment cases range from 100 to 300 hours. *Id.* (citing *Stainbrook v. Target Corp.*, 2016 WL 3248665, at *5 (C.D. Cal. June 8, 2016)). Based on an attorney's rate of $300 per hour, a conservative rate in California, and 100 hours of attorney work, at least another **$30,000** is added to the amount in controversy based on Plaintiff's demand for attorneys' fees under FEHA. *See id.*

### 4.  Punitive Damages

Plaintiff further seeks to recover punitive damages. (*See* Compl., Prayer for Relief.) Because Plaintiff brings claims under FEHA, punitive damages are recoverable, "punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261, at *4; *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945–46 (9th Cir. 2001) (considering punitive damages when determining the amount in controversy).

Punitive damage awards greater than twice the compensatory damages awarded are not uncommon. *See, e.g.*, *Adgate v. Robinson Ford Sales, Inc.*, 208 F.3d 220 (9th Cir. 2000) (in wrongful discharge action: actual damages of $70,000; punitive damages of $275,000); *Hobbs v. Bateman Eichler*, 164 Cal. App. 3d 174, 196 (1985) ("2.3 ratio of punitive damages to compensatory damages is not disproportionate. In fact, the ratio is comparatively low."). Courts have also applied a conversative 1:1 ratio when calculating these damages. *Ulloa v. California Newspaper Partners,* No. LACV2011776JAKAGRX, 2021 WL 6618815 at *7 (C.D. Cal., Oct. 21, 2021) ("a 1:1 ratio has been described as 'conservative' for purposes of assessing the amount in controversy requirement."); *See Guillen v. Kindred Healthcare Operating, Inc.*, No. ED CV17–02196 JAK (FEMx), 2018 WL 1183354 at *5 (C.D. Cal. Mar. 7, 2018) ("District courts within the Ninth Circuit have described a 1:1 ratio of punitive damages to compensatory damages as 'conservative' for purposes of assessing the amount in controversy requirement.")  Assuming a conservative 1:1 ratio compared to lost wages, the amount in controversy for Plaintiff attributable to punitive damages is at least **$56,957.25**.

### 5.  The Amount in Controversy Exceeds $75,000.

Even applying conservative assumptions, the amount in controversy for Plaintiff's claims satisfies the amount in controversy threshold under 28 U.S.C. § 1332(a).

| Plaintiff | Amount in Controversy |
|---|---|
| Lost Wages | $56,957.25 |
| Emotional Distress | $113,914.50 |

| Attorneys' Fees | $30,000.00 |
|---|---|
| Punitive Damages | $56,957.25 |
| **Total** | **$257,829.00** |

Because Plaintiff places an amount in controversy that exceeds $75,000, jurisdiction in this Court is proper. However, if Plaintiff disputes this Court's jurisdiction, under Ninth Circuit precedent, the Court should permit Defendant to show it can satisfy the amount in controversy. *See Arias*, 936 F.3d at 924.

## IV. VENUE

Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391, and 1446. Plaintiff originally filed this action in the Superior Court for the State of California, County of Los Angeles, which is embraced by the Central District of California.

Venue is also proper under 28 U.S.C. § 1391 because a substantial part of the alleged acts and omissions occurred in this District, as set forth in the Complaint.

## V. NOTICE OF REMOVAL

This Notice of Removal shall be served promptly on Plaintiff's Counsel of Record and filed with the Clerk of the Superior Court for the State of California, County of Los Angeles. In compliance with 28 U.S.C. § 1446(a), true and correct copies of the state-court papers served on Defendant are attached as **Exhibit A.**

As illustrated in this Notice, this action meets of this Court's requirements for removal, and this removal pleading is both timely and proper.

WHEREFORE, the action is hereby removed in its entirety to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated: August 22, 2025    GREENBERG TRAURIG, LLP

By */s/ Joseph M. Dietrich*
Ryan C. Bykerk
Joseph M. Dietrich
Attorneys for Defendant
AMAZON.COM SERVICES LLC